**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005394
22-DEC-2015
08:23 AM**

NO. CAAP-13-0005394

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOSHUA JAMES MEDEIROS, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL CASE NO. 1SD13-1-8)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Peitioner-Appellant Joshua James Medeiros (Medeiros), *pro se,* appeals from the Findings of Fact, Conclusions of Law, and Order, entered on October 31, 2013 in the District Court of the First Circuit, Honolulu Division (District Court), denying his Hawai'i Rules of Penal Procedure (HRPP) Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Petition).[1]

On November 16, 2007, Medeiros was convicted of Disorderly Conduct in violation of Hawaii Revised Statutes (HRS) § 711-1101 (2014) after the charge was amended from Harassment in violation of HRS § 711-1106 (Supp. 2008).

Medeiros filed his May 24, 2013 Petition, alleging that he entered his guilty plea without understanding the nature of the charge and consequences of the plea, his conviction was coerced by the prosecutor, and he was provided with ineffective assistance of counsel. On October 31, 2013, the District Court denied the Petition.

---

[1]     The Honorable Lono J. Lee presided.

Medeiros contends on appeal that the District Court erred in denying his Petition because (1) there was no evidence to show that he knowingly, voluntarily, and intelligently entered his plea and (2) he received ineffective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Medeiros's points of error as follows:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer." HRPP Rule 40(f).

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true.

Barnett v. State, 91 Hawai'i 20, 26, 979 P.2d 1046, 1052 (1999) (quoting State v. Allen, 7 Haw. App. 89, 92-93, 744 P.2d 789, 792-93 (1987)).

Medeiros alleged that he did not knowingly, voluntarily, and intelligently plead guilty because (1) he did not understand the nature of the charge and the consequences of his plea insofar as he did not understand that he would thereafter not be able to possess a firearm; (2) his plea was coerced by the prosecutor's promise that the harassment charge would be dismissed if he pleaded guilty to disorderly conduct whereas if he refused to plead, the State would proceed on the harassment charge and ask for jail time although the victim of the offense (Medeiros's brother) refused to testify; and (3) he was not afforded effective assistance of counsel because the attorney "provided little to no assistance in my case," and told Medeiros that "he had a lot of cases to work on and didn't think it was worth his time to lose at trial" even though Medeiros said he wanted to go to court and testify.

It appears that Medeiros's attorney's files of Medeiros's 2007 case have been destroyed and Medeiros's 2007 change of plea hearing was inadvertently not recorded. Thus the

unavailability of the transcript of Medeiros's change of plea is not due to any delay by Medeiros in filing his petition. The existing record of Medeiros's HRPP Rule 40 proceeding is silent as to whether Medeiros knowingly, voluntarily, and intelligently entered his plea. The Hawai'i Supreme Court has said,

> In a petition seeking relief under Rule 40 on ground that the guilty plea was entered into involuntarily, the court is required to look at the entire record in order to determine whether the petitioner's claims or recantation are credible and worthy of belief. The record is vital to the ultimate determination of whether the plea was made voluntarily; as this court has repeatedly emphasized, it will not presume from a silent record a waiver of a constitutional right. Medeiros v. State, 63 Haw. 162, 623 P.2d 86 (1981); Mara v. Naauao, 51 Haw. 322, 459 P.2d 382 (1969). A silent record or a minimal record places the burden on the State to prove waiver. Medeiros, supra. In the absence of a silent or minimal record, the burden is on petitioner to prove by a preponderance of the evidence that his constitutional right was not voluntarily and intelligently waived. Id.

Eli v. State, 63 Haw. 474, 477, 630 P.2d 113, 116 (1981).

Here, Medeiros stated a colorable claim that entitled him to an evidentiary hearing on his claim that he did not knowingly, voluntarily, and intelligently plead guilty. Medeiros alleged that he did not understand the nature of the charge and the consequences of his guilty plea and that he was "coerced" into entering his plea because the prosecutor told him that the State would proceed against him on the harassment charge and seek incarceration if he did not enter a guilty plea to the disorderly conduct charge, even though the victim refused to testify. "Manifest injustice occurs when a defendant makes a plea involuntarily or without knowledge of the direct consequences of the plea." State v. Nguyen, 81 Hawai'i 279, 292, 916 P.2d 689, 702 (1996).

Medeiros also stated a colorable claim for ineffective assistance of counsel. Medeiros alleged that his counsel told him it was not worth counsel's time to go to trial and lose in spite of Medeiros's desire to testify. See Cacatian v. State, 70 Haw. 402, 404, 772 P.2d 691 692-93 (1989) (remand for hearing where petitioner alleged his counsel prevented him from testifying at trial).

Where Medeiros presented colorable claims and there was no record of his plea, it was error to rule on the petition

without an evidentiary hearing to determine the circumstances of Medeiros's plea.

Therefore, IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order, entered on October 31, 2013 in the District Court of the First Circuit, Honolulu Division is vacated. The case is remanded for an evidentiary hearing on Medeiros's claims that he did not knowingly, voluntarily, and intelligently plead guilty and that he received ineffective assistance of counsel.

DATED: Honolulu, Hawai'i, December 22, 2015.

On the briefs:

Joshua James Medeiros,
Petitioner-Appellant, *pro se*.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

4